**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Andrew T. Ho
Assistant U.S. Attorney
Andrew.Ho@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**DEPARTMENT OF JUSTICE**
United States Attorney's Office
United States Attorney
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 18, 2022

Ethan Levi
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, OR 97205

Re:    *United States v. Lilliana Isabella Finck*, Case No. 3:21-cr-00077-IM-11
       Plea Agreement Letter – D-START Program

Dear Counsel:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant agrees to plead guilty to Count One of the superseding information, which charges misprision of a felony, in violation of Title 18, United States Code, Section 4.

3.   **Penalties**: The maximum sentence is three-years imprisonment, a fine of $250,000, one year of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Elements & Factual Basis**: In order for defendant to be found guilty of count one of the superseding information, the government must prove the following beyond a reasonable doubt:

   1.   A federal felony was committed;
   2.   Defendant had knowledge of the commission of that felony;

*Finck* Plea Letter
Page 2

    3.    Defendant had knowledge that the conduct was a federal felony;
    4.    Defendant failed to notify a federal authority as soon as possible;
    5.    Defendant did an affirmative act, as alleged, to conceal the crime.

Defendant admits the elements of the offenses alleged in count one of the superseding information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

A federal felony of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(A)(i), 843(b), 856(a) and 846, was committed, as charged in Count One of the superseding indictment in case number 3:21-cr-00077-IM.

Defendant knowing of the above felony committed by a co-defendant stored evidence of the felony in her bedroom in the residence she shared with her co-defendant. A search of defendant's bedroom pursuant to a search warrant revealed a firearm, scales and pre-packaged narcotics. Defendant failed to notify any federal authorities of the evidence or the commission of the felony.

6.    **D-START Program**: Defendant has been selected to participate in the D-START Program and has signed the D-START Agreement. The defendant's participation in the D-START program will be guided by the D-START prospectus.

7.    **D-START Program Graduation**: The parties stipulate pursuant to Rule 11(c)(1)(C) that if the defendant graduates from the D-START program, the defendant will be permitted to withdraw her guilty plea to the charges in paragraph 2 and the USAO will dismiss the superseding information against her with prejudice.

8.    **D-START Program Termination**: Defendant agrees that if she is terminated from the D-START program, the parties will proceed to sentencing, and defendant may not withdraw her guilty plea. At that sentencing, the USAO may recommend, defendant may seek, and the Court may impose, any lawful sentence. Defendant understands that if she is terminated from the D-START program, the Court is no longer bound by the recommendations of the parties or of the presentence report (PSR) writer. Defendant also understands that there are no agreements among the parties regarding the guideline range or other sentencing factors or recommendation.

If sentenced under this paragraph, defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines

*Finck* Plea Letter
Page 3

Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

In the event that any of defendant's convictions under this agreement are vacated following an appeal or successful collateral attack, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

9.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

10.    **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the following property: $8,590 in U.S. Currency, $19,424 in U.S. Currency, $3,110 in U.S. Currency and one Mossburg 500a Duck Unlimited, 12 gauge Shotgun with ammunition and accessories.

11.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement and the D-START Agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

12.    **Deadline**: This plea offer expires if not accepted by **August 1, 2022**.

Sincerely,
NATALIE K. WIGHT
United States Attorney

*/s/ Andrew T. Ho*
ANDREW T. HO
Assistant United States Attorney

///

///

///

*Finck* Plea Letter
Page 4

---

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7.21.22
Date

LILLIANA ISABELLA FINCK
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7.21.22
Date

ETHAN LEVI
Attorney for Defendant